19 F.3d 27
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert Glenn MARTIN, Petitioner,
v.
NATIONAL TRANSPORTATION SAFETY BOARD, Respondent.
 No. 92-70833.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1994.*
Decided Feb. 28, 1994.
 
 Before: SCHROEDER, CANBY and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Glenn Martin petitions pro se for review of an order of the National Transportation Safety Board (Board) subjecting him to a 30-day suspension of his commercial pilot license. The Board affirmed a decision by Administrative Law Judge (ALJ) William Mullins upholding the suspension originally imposed by the Administrator of the Federal Aviation Administration (FAA). The FAA charged that Martin acted as pilot-in-command of an aircraft when he did not hold a valid medical certificate and that, in doing so, he committed a careless act in violation of Federal Aviation Regulations (FAR) 61.3(c) and 91.9. See 14 C.F.R. Secs. 61.3(c), 91.1 (1988).[1]
 
 
 3
 Martin challenges, first, the Board's finding that he acted as pilot-in-command of the flight in question and, second, the Board's interpretation of FAR 61.57(c), which sets forth the relevant qualifications of a pilot-in-command.[2] We have jurisdiction under 49 U.S.C.App. Sec. 1486(a). We deny the petition for review and affirm the Board.
 
 Background
 
 4
 The evidence at Martin's hearing established the following. Martin is an insulin-dependent diabetic. Consequently, he does not hold a valid medical certificate, and he is thus disqualified from acting as pilot-in-command of a passenger-carrying flight. On December 17, 1989, Martin flew in a North American T-6, an airplane with two seats and conventional (tailwheel) landing gear, with Christian Denise Alberts, a certified pilot. Alberts had never flown in a tailwheel aircraft before. Martin, a Certified Flight Instructor, sat in the front seat of the plane during the flight, started, taxied and landed the plane, and communicated with ground control personnel throughout the flight. Alberts manipulated the controls briefly to execute some aerobatic maneuvers in the air. The FAA charged that Martin illegally acted as pilot-in-command of the flight and, in doing so, committed a careless act.
 
 
 5
 At the hearing, Martin claimed that Alberts had agreed to be pilot-in-command of the flight. His wife testified that Alberts visited their home after the flight and that she "believed that [Alberts] knew she was pilot-in-command that day." Two other pilots testified that when they flew with Martin in the T-6 aircraft, he always informed them that they would be pilot-in-command.
 
 
 6
 Alberts testified she did not remember discussing who would be pilot-in-command; she thought that would be Martin's role; and had she known Martin did not hold a medical certificate, she would not have flown with him.
 
 
 7
 In light of this evidence, Judge Mullins found that Martin had acted as pilot-in-command of the aircraft. Moreover, he determined that Alberts was not qualified to be pilot-in-command, pursuant to FAR 61.57(c). Martin challenged both conclusions and the Board affirmed.
 
 Discussion
 
 8
 "Our review of the NTSB's decisions is narrow: [W]e will uphold such decisions unless they are 'arbitrary, capricious, an abuse of discretion, or not otherwise in accordance with the law.' " Henderson v. Federal Aviation Administration; NTSB, 7 F.3d 875, 877 (9th Cir.1993) (quoting 5 U.S.C. Sec. 706(2)(A) (1982)). We affirm decisions of the Board that are based on reasonable interpretations of Federal Aviation Regulations, Essery v. DOT, 857 F.2d 1286, 1289 (9th Cir.1988), and we deem the Board's findings of fact conclusive when supported by substantial evidence in the record, Id., 857 F.2d at 1288. " 'Substantial evidence' means 'such relevant evidence as reasonable minds might accept as adequate to support a conclusion[,] even if it is possible to draw two inconsistent conclusions from the evidence.' " Henderson, 7 F.3d at 877 (quoting NLRB v. Int'l Bhd. of Elec. Workers, Local 1547, 971 F.2d 1435, 1436 (9th Cir.1992)).
 
 
 9
 Alberts denies that she was pilot-in-command while Martin sat in the front seat, started, taxied and landed the airplane. Martin concedes he does not have a medical certificate. We deem this substantial evidence in support of the Board's determination that Martin acted as pilot-in-command without a valid medical certificate, and therefore hold this finding conclusive. See Essery, 857 F.2d at 1288. We discern no error in the Board's determination that Martin violated Federal Aviation Regulations 61.3(c) and 91.9. Id., 857 F.2d at 1289.
 
 
 10
 In light of this holding, we need not address the question whether Alberts was qualified to be pilot-in-command.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Petitioner's motion for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Part 91 of the FAR was reorganized in 1990. The current version codifies the proscription of section 91.9 at section 91.13(a)
 
 
 [2]
 In the course of his testimony, Martin read from an uncited provision of the FARs defining the "pilot-in-command" as the "pilot responsible for the operation and safety of an aircraft during flight time."